UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| SERGIO MENDOZA and <br> MARIA MENDOZA <br><br> Plaintiffs, <br><br> v. <br><br> THE BNY MELLON TRUST COMPANY <br> AS TRUSTEE COMPANY N.A. and <br> WELLS FARGO BANK, N.A. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civil Action No. 15-11802-LTS |

ORDER ON DEFENDANT'S MOTION TO DISMISS

September 2, 2015

SOROKIN, J.

Defendants move to dismiss.  The motion is ALLOWED IN PART AND DENIED IN PART.

In ruling on the motion, the Court accepts as true the factual allegations set forth in the Complaint, including the reasonable inferences drawn therefrom, to determine whether the Complaint states "sufficient factual matter, taken as true, to 'state a claim for relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp v. Twombley, 550 U.S. 544, 570 (2007)); see Cardigan Mountain Sch. v. New Hampshire Ins. Co., 787 F.3d 82, 84 (1st Cir. 2015).

In Count I, Plaintiffs allege that their loans, which enabled them to purchase their home, "were unaffordable from the start, as [the loans] consumed more than 60 percent of the household income," Doc. No. 2 at 11, violating Mass. Gen. Laws ch. 93A, § 2.  The Complaint

establishes this origination claim as untimely.  Chapter 93A claims have a four year statute of limitations.  Mass. Gen. Law ch. 260, § 5A.  Plaintiffs entered into the loan in 2004, yet they did not sue until 2015, eleven years later.  Nowhere in the Complaint do they allege facts suggesting that the unfair and deceptive nature of their loans was "inherently unknowable," that Defendants breached a duty of disclosure, or that Defendants "concealed the existence of a cause of action through some affirmative act done with the intent to deceive."  See Creative Playthings Franchising, Corp. v. Reiser, 978 N.E.2d 765, 770 (Mass. 2012) (quoting Albrecht v. Clifford, 767 N.E.2d 42, 49 (Mass. 2002).  This theory under Count I is barred as untimely.

Plaintiffs also advance a separate theory of recovery—that when the Defendants, who are not the makers of the loan, sought to enforce a loan they knew or should have known was predatory, they committed a violation of chapter 93A.  This states a claim under Chapter 93A.  McKensi v. Bank of America, N.A, No. 09-11940-JGD, 2010 WL 3781841, at *4 (D. Mass. Sept. 22, 2010) (citing Fremont Invest. & Loan, 897 N.Ed.2d 548, 556 (Mass. 2008)).

In Count II, Plaintiffs challenge the assignment by Mortgage Electronic Registration Systems, Inc. ("MERS") to Defendants after the original bank ceased its operations.  The mere fact that the originating bank ceased operations prior to assignment does not necessarily mean MERS lacked authority to make the assignment.  Plaintiffs offer no factual allegations in support of their theory which would render it plausible.  In any event, "the dissolution of the original lender does not affect MERS' authority to assign a mortgage."  Rosa v. Mortg. Elec. Sys., Inc., 821 F. Supp. 2d 423, 431 (D. Mass. 2011).  Accordingly, Count II is DISMISSED.

In Count III, Plaintiffs assert a violation of Chapter 93A arising from the defendants failure to explain, after successful completion of a trial payment period, why defendants would not provide a permanent loan modification.  Plaintiffs make no claim that the Trial Payment Plan

("TPP") itself entitled them to a loan modification. They argue, though they do not allege, that the TPP required an explanation. Compare Doc No. 2 at 13 and Doc No. 8 at 10-11. In any event, this is a breach of contract claim, something plaintiffs do not allege. They do contend that the failure to provide an explanation of why defendants denied the request was unfair and in violation of 93A. In order to state a Chapter 93A claim, Plaintiffs must allege more than a mere breach of contract or violation of HAMP regulations. See Brooks v. AIG SunAmerica Life Assurance Co., 480 F.3d 579, 590 (1st Cir. 2007) ("To the extent that [Plaintiffs'] Cahpter 93A claim is premised merely on their allegations that [Defendant] breached the . . . contract . . . it falls well short of the Chapter 93A liability threshold."); cf. Morris v. BAC Home Loans Servicing, L.P., 775 F. Supp. 2d. 255, 259 (D. Mass.) (explaining a three-part test to see if claims of HAMP violations are cognizable under 93A). Plaintiffs must allege the requisite "pattern of misrepresentations, failure to correct detrimental errors, and/or dilatory conduct on the part of the servicer and/or the bank." Abraham v. American Home Mortg. Servicing, No. 11-10854-JLT, 2012 WL 4482236, at *6 (D. Mass. Sept. 27, 2012). This they have not done. Therefore, the failure to explain does not rise to the level of a 93A violation. Accordingly, Count III is dismissed.

In Count IV, Plaintiffs seek to quiet title by claiming that they do not recall executing the mortgage before a notary, and that they believe the notary signature is not valid. Nonetheless, the mortgage "remains binding against the grantor," in this case the Plaintiffs, and the mortgagor is "still obligated to make mortgage payments." Lewis v. Wells Fargo Bank, N.A., No. 13-11896-RWZ, 2014 WL 1429684, at *2 (D. Mass. Apr. 14, 2014). Accordingly, Plaintiffs have failed to state a claim to quiet title, and Count IV is DISMISSED.

Defendants shall answer the remaining count of the Complaint within ten days. The clerk shall schedule a Rule 16 Conference.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge